# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-3 ASSET-BACKED CERTIFICATES SERIES 2007-3,<br><br>Plaintiff<br><br>v.<br><br>SATICOY BAY LLC SERIES 3930 SWENSON; WIMBLEDON TENNIS CLUB HOMEOWNERS ASSOCIATION; and HOMEOWNER ASSOCIATION SERVICES, INC.,<br><br>Defendants | Case No.: 2:17-cv-00463-APG-GWF<br><br>**Order Granting in Part the Motion to Dismiss**<br><br>[ECF No. 17] |

Plaintiff U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2007-3 Asset-Backed Certificates Series 2007-3 (U.S. Bank), sues to determine whether a non-judicial foreclosure sale conducted by defendant Wimbledon Tennis Club Homeowners Association (Wimbledon) extinguished U.S. Bank's deed of trust. Defendant Saticoy Bay LLC Series 3930 Swenson (Saticoy) purchased the property at the homeowners association (HOA) foreclosure sale. Saticoy moves to dismiss, arguing (among other things) that it is a bona fide purchaser for value and U.S. Bank has not alleged any defects that would warrant setting aside the sale. I grant the motion in part.

## I. BACKGROUND

This is a dispute over property located at 3930 Swenson Street #903 in Las Vegas. ECF No. 1 at 24. In 2006, the prior owner of the property, David Reyna, obtained a loan from Greenpoint Mortgage Funding, Inc., and the loan was secured by a deed of trust encumbering the property. *Id.* at 22. The deed of trust was assigned to U.S. Bank in April 2013. *Id.* at 50-52.

In 2011, defendant Wimbledon recorded a notice of delinquent HOA assessment lien through its agent, defendant Homeowner Association Services, Inc. (HAS). *Id.* at 54-56. In August 2013, HAS recorded another notice of delinquent assessment lien. *Id.* at 58-60. About a year later, HAS recorded a notice of default and election to sell. *Id.* at 62-64. HAS then recorded a notice of sale, setting the sale for June 25, 2015. *Id.* at 67-69. The sale took place on that date, and defendant Saticoy purchased the property for $27,051.00. *Id.* at 71-74.

U.S. Bank brought this lawsuit against Saticoy, Wimbledon, and HAS, asserting claims for quiet title and declaratory relief. U.S. Bank also asserts an unjust enrichment claim against Saticoy, arguing that if the sale is set aside, Saticoy has unjustly benefitted from using the property since the HOA sale. Alternatively, U.S. Bank alleges that if the sale is not set aside, then Saticoy has unjustly benefitted from U.S. Bank's payment of taxes, insurance, and HOA assessments since the time of the HOA sale.

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

/ / / /

**A. Quiet Title/Declaratory Relief**

Saticoy raises a series of arguments directed at the quiet title and related declaratory relief claims. Saticoy contends the sale is presumptively valid and the recitals in the deed upon sale are conclusive proof that the HOA properly gave all of the required notices. Saticoy asserts that U.S. Bank cannot overcome those presumptions because it has not alleged facts supporting its claim that the sale should be equitably set aside. As part of this argument, Saticoy contends: (1) U.S. Bank has unclean hands and failed to mitigate its damages when it did nothing prior to the sale to protect its interest; (2) the sale cannot be set aside because Saticoy is a bona fide purchaser; (3) U.S. Bank has an adequate remedy at law for damages against the HOA; (4) the HOA did not have to identify the superpriority amount in the notices; (5) the HOA sale did not violate due process; (6) the HOA sale was not a taking; (7) the HOA foreclosure statute is not unconstitutionally vague or ambiguous; (8) there is no requirement that the sale be commercially reasonable; and (9) the mortgage protection clause in the Covenants, Conditions, and Restrictions (CC&Rs) is not a basis to set aside the HOA sale.

U.S. Bank responds that it has adequately alleged bases to set aside the sale, including (1) the notices improperly included collection fees and costs in the lien, did not indicate the HOA was foreclosing on a superpriority lien, and did not identify the superpriority amount or a right to cure; (2) the CC&Rs contain a mortgage protection clause; (3) Saticoy is not a bona fide purchaser; (4) the HOA sale was commercially unreasonable; (5) the sale violated U.S. Bank's due process rights; and (6) the sale constitutes a taking without just compensation.

    1. Unclean hands

U.S. Bank's quiet title claim sounds in equity because it seeks to resolve competing claims to interests in property. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d

1105, 1111 (Nev. 2016) (en banc). "The unclean hands doctrine generally bars a party from receiving equitable relief because of that party's own inequitable conduct." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (quotation omitted). The inequitable conduct must be connected to the subject matter or transaction at issue in the litigation and "unconscientious, unjust, or marked by the want of good faith." *Id.* (quotation omitted).

To determine whether the unclean hands doctrine applies, I consider two factors: "(1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct." *Id.* at 767. The unclean hands doctrine will bar an equitable remedy "[o]nly when these factors weigh against granting the requested equitable relief." *Id.* I have "broad discretion in applying these factors," but my determination must be supported by "substantial evidence." *Id.*

Saticoy's motion based on unclean hands is premature. Any determination of whether to apply the doctrine must be based on substantial evidence and a weighing of the misconduct versus the seriousness of the harm that misconduct caused. I have no evidence before me on these factors at the motion to dismiss stage. I therefore deny Saticoy's motion to dismiss based on unclean hands.

### 2. Failure to mitigate

A party generally "cannot recover damages for loss that he could have avoided by reasonable efforts." *Sheehan & Sheehan v. Nelson Malley & Co.*, 117 P.3d 219, 226 (Nev. 2005) (quotation omitted). Failure to mitigate damages is an affirmative defense for which Saticoy bears the burden of proof. *Id.*; *see also Clark Cty. Sch. Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95 & n.20 (Nev. 2007). Saticoy has not presented evidence in support of this affirmative defense. I therefore deny the motion based on failure to mitigate.

### 3. Adequate remedy at law

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA*, 366 P.3d at 1111-12. Thus, while the availability of other remedies (both before and after the sale) may bear on the equities,[1] a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. U.S. Bank seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate U.S. Bank's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny the motion to dismiss on this basis.

### 4. Conclusive Recitals

The statutory recitals in the deed upon sale are "conclusive, in the absence of grounds for equitable relief." *Shadow Wood HOA*, 366 P.3d at 1111-12. However, the recitals do not, in and

---

[1] "When sitting in equity, . . . courts must consider the entirety of the circumstances that bear upon the equities." *Shadow Wood HOA*, 366 P.3d at 1114.

5

of themselves, entitle Saticoy to dismissal. Rather, U.S. Bank must plausibly allege a basis for equitable relief despite the recitals. I address whether U.S. Bank has done so below.

### 5. Commercial reasonableness/equitable grounds for setting aside the sale

The commercial reasonableness standard does not apply to HOA foreclosure sales. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017). Instead, the question is "whether the sale was affected by some element of fraud, unfairness, or oppression." *Id.* at 646. U.S. Bank therefore will have "the burden to show that the sale should be set aside in light of [Saticoy's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Id.* (internal citations omitted). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Id.* at 648. The "party challenging the foreclosure sale bears the burden of showing why the sale should be set aside." *Id.* at 647.

In addition to inadequacy of price, U.S. Bank asserts six reasons why the sale should be set aside: (a) the notices were defective in content; (b) the statute by which the HOA conducted the sale unconstitutionally deprived U.S. Bank of its due process rights; (c) the sale constitutes a taking without just compensation; (d) the statute is unconstitutionally vague; and (e) the mortgage protection clause led U.S. Bank and other potential bidders at the sale to conclude the deed of trust would not be extinguished.

#### *a. Content of the notices*

U.S. Bank contends the sale was unfair because the notices improperly included collection fees and costs in the lien, did not indicate the HOA was foreclosing on a superpriority

lien, did not identify the superpriority amount, and did not identify a right to cure. None of these constitute plausible grounds to set aside the sale.

The superpriority portion of the HOA's lien for assessments does not include collection fees and foreclosure costs. *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 73 (Nev. 2016) (en banc). However, U.S. Bank has not plausibly alleged how the inclusion of these costs in the overall lien amount was so unfair that it would justify setting aside the sale. *See S. Capital Pres., LLC v. GSAA Home Equity Tr. 2006-5*, No. 72461, 414 P.3d 808 (Nev. 2018) (unpublished).

The HOA was not required to identify that it was foreclosing on a superpriority lien or the amount of the superpriority lien. The Supreme Court of Nevada has rejected the argument that the notices must provide the superpriority amount in part because "[t]he notices went to the homeowner and other junior lienholders, not just [the first deed of trust holder], so it was appropriate to state the total amount of the lien." *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc).

Additionally, the statute required the HOA to "[d]escribe the deficiency in payment," provide the name and address of the person authorized to enforce the lien by sale, and give the following warning:

> WARNING! IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE!

Nev. Rev. Stat. § 116.31162(1)(b)(3). The notice of sale likewise must state "[t]he amount necessary to satisfy the lien as of the date of the proposed sale" and the following warning:

/ / / /

/ / / /

7

> WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE THE SALE DATE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL (name and telephone number of the contact person for the association). IF YOU NEED ASSISTANCE, PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, NEVADA REAL ESTATE DIVISION, AT (toll-free telephone number designated by the Division) IMMEDIATELY.

Nev. Rev. Stat. § 116.311635(3)(b).

"The notice thus requires the HOA to notify interested persons that it is foreclosing and to provide the deficiency amount and contact information so that the deficiency may be cured." *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar. 31, 2016). "The fact that a notice does not identify a superpriority amount is of no consequence because Chapter 116 gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests." *Id.*

The notices attached to the complaint show that the required cautionary language and information about who to contact to cure was provided. ECF No. 1 at 63-69. U.S. Bank thus has not plausibly alleged fraud, unfairness, or oppression related to the notices that would support setting aside the sale. I therefore grant the motion to dismiss the allegations related to the notices, with leave to amend if facts exist to do so.

### b. Due process

There is currently a split in state and federal court regarding whether Chapter 116 (as it existed when this sale was conducted) violates due process. *Compare Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *with Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). The Supreme Court

of Nevada is expected to issue a decision on the proper interpretation of Nevada law on which the due process inquiry turns in response to a question certified to it by another judge in this District. *SFR Investments Pool 1, LLC v. Bank of N.Y. Mellon*, Nev. S. Ct. Case No. 72931 (Order Accepting Certified Question, Directing Briefing and Directing Submission of Filing Fee, filed June 13, 2017); *Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n*, 2:16-cv-02561-RFB-PAL, ECF No. 41. I deny the motion to dismiss on this basis, without prejudice for Saticoy to raise it again after the Supreme Court of Nevada has issued a ruling on the certified question.

### c. Taking

The Supreme Court of Nevada has ruled that "the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking." *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) (en banc) (addressing a similar takings claim under both the U.S. and Nevada Constitutions). Consequently, to the extent U.S. Bank's takings claim is based on Nevada's Constitution, that claim is dismissed with prejudice.

The state court's ruling is not controlling authority on the question of federal takings law. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 n.3 (9th Cir. 1977) (stating that federal law controls a claim under the United States Constitution although state court opinions "may be considered persuasive authority"). But I find its reasoning persuasive and adopt it.

U.S. Bank relies on cases that involve the retroactive application of a statute to an existing lien to find a taking.[2] *See United States v. Sec. Indus. Bank*, 459 U.S. 70, 73 (1982)

---

[2] U.S. Bank also relies on *Armstrong v. United States*, 364 U.S. 40 (1960). But there, the United States government physically acquired the property to which the private liens attached and then asserted sovereign immunity, thereby effectively destroying all value in the liens. 364 U.S. at 48-49. Indeed, the court specifically noted this was not something a private party could do. *Id.* at 48 ("It was because the Government for its own advantage destroyed the value of the

9

(reviewing the lower court's ruling that application of 11 U.S.C. § 522(f)(2) to liens acquired before the statute's enactment date violated the Fifth Amendment); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589 (1935) (stating the statute at issue impacted only pre-existing mortgages). That is not the case here because the HOA superpriority statute was enacted in 1991. 1991 Nev. Stat., ch. 245, §§ 100-104, at 567-71. U.S. Bank's lien was created in 2006. Consequently, the superpriority rules pre-exist U.S. Bank's lien.

Moreover, one of the cases on which U.S. Bank relies shows there is no taking here. In *United States v. Security Industrial Bank*, the Supreme Court construed a provision in the bankruptcy statute to apply only prospectively to avoid the constitutional question of whether retrospective application would violate the Fifth Amendment. 459 U.S. at 78-82. The necessary conclusion from this result is that prospective extinguishment of liens through operation of the statute would not constitute a taking, otherwise the court would not have avoided resolving the constitutional question through this interpretation of the statute.

No court has held there is a taking when a junior lien is extinguished through foreclosure of a senior lien under priority rules established before the junior lien was created. *See U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*, 124 F. Supp. 3d 1063, 1074 (D. Nev. 2015); *Saticoy Bay LLC Series 350 Durango 104*, 388 P.3d at 975 ("Wells Fargo does not cite, and we have not

---

liens, something that the Government could do because its property was not subject to suit, but which no private purchaser could have done."). That is not comparable to this situation. Neither the State of Nevada nor the HOA took physical possession of the property. No one asserted sovereign immunity in a way that destroyed U.S. Bank's lien without any recourse to protect itself. To the contrary, U.S. Bank and other lenders have numerous options to protect their liens. *See SFR Investments Pool 1*, 334 P.3d at 413-14 (stating junior lienholders "could have paid off the [HOA] lien to avert loss of its security" or "could have established an escrow for [HOA] assessments to avoid having to use its own funds to pay delinquent dues"); *Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (identifying additional options such as attending the sale and purchasing the property or suing the HOA to require it to accept payment in satisfaction of the superpriority lien).

10

found, a single case that has held a state may not statutorily alter the priority of liens unless it compensates subsequent lienholders whose interests are diminished or destroyed as a result.").[3] I therefore grant this part of the motion and dismiss the taking allegation with prejudice.

### d. Vague or ambiguous

U.S. Bank did not respond to Saticoy's argument that the statute pursuant to which the HOA conducted the sale is not vague or ambiguous. I therefore grant this portion of Saticoy's motion as unopposed. LR 7-2(d). Moreover, U.S. Bank's complaint contains only a conclusory allegation on this point without any plausible allegation as to how or why it is unconstitutionally vague or ambiguous. I therefore dismiss the allegation that the statute is unconstitutionally vague or ambiguous, with leave to amend.

### e. Mortgage protection clause

U.S. Bank has not plausibly alleged the mortgage protection clause is a basis for setting aside the sale. First, the Supreme Court of Nevada has already ruled that an HOA cannot waive its right to a superpriority lien. *RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments Pool 1*, 334 P.3d at 419 (stating that pursuant to Nevada Revised Statutes § 116.1104, Chapter 116's provisions could not be waived except as expressly provided in Chapter 116, and HOAs therefore cannot waive their right to a superpriority lien). Second, that court has expressly rejected U.S. Bank's argument that a mortgage protection clause in the CC&Rs could lead potential bidders at the foreclosure

---

[3] *See also MCM Capital Partners, LLC v. Saticoy Bay LLC*, No. 2:15-cv-01154-JCM-GWF, 2017 WL 3090259, at *7 (D. Nev. July 20, 2017) (rejecting a similar takings claim); *Deutsche Bank Nat'l Tr. Co. v. TBR I, LLC*, No. 3:15-cv-00401-LRH-WGC, 2016 WL 3965195, at *3 (D. Nev. July 22, 2016) (same); *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 5210523, at *5 (D. Nev. Sept. 3, 2015) (same).

11

sale to assume the deed of trust would still encumber the property, thus depressing the bidding. *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 71839, 414 P.3d 812 (Nev. 2018) (unpublished) ("[W]e are not convinced that [the mortgage protection clause in the CC&Rs] dissuaded higher bidders. In particular, we must presume that any such bidders also were aware of NRS 116.1104."). I therefore grant the motion to dismiss the mortgage protection clause allegations with prejudice.

### 6. Bona fide purchaser

In making the determination of whether to equitably set aside an HOA foreclosure sale, I must consider "the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Shadow Wood HOA*, 366 P.3d at 1115. This includes a bona fide purchaser who bought the property at the HOA sale "without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Id.* (quotation omitted).

Notice of the lender's deed of trust is not sufficient, in and of itself, to deprive a subsequent purchaser of bona fide purchaser status. *Id.* at 1115-16 (rejecting a similar argument, stating the "law does not support [the] contention" that "a purchaser at a foreclosure sale can never be bona fide because there is always the possibility that the former owner will challenge the sale post hoc"). "[W]hen an association's foreclosure sale complies with the statutory foreclosure rules, as evidenced by the recorded notices, . . . and without any facts to indicate the contrary, the purchaser would have only 'notice' that the former owner had the ability to raise an equitably based post-sale challenge, the basis of which is unknown to that purchaser." *Id.* at 1116. The mere fact that a prior owner or a lienholder could seek to equitably set aside the sale

"is not enough in itself to demonstrate that [the subsequent purchaser] took the property with notice of any potential future dispute as to title." *Id.* Rather, there must be allegations that the purchaser "had notice before it purchased the property, either actual, constructive, or inquiry," as to the alleged inequity that supports setting aside the sale. *Id.* But even where there is a bona fide purchaser, the sale could be set aside if it is shown "that the equities swayed so far in [the lender's] favor as to support setting aside [the HOA] foreclosure sale." *Id.*

With these principles in mind, U.S. Bank thus far has not plausibly alleged Saticoy was not a bona fide purchaser. U.S. Bank has not alleged Saticoy had actual, constructive, or inquiry notice of any unfairness that would support setting aside the sale. Instead, U.S. Bank relies on allegations that Saticoy is a sophisticated buyer at HOA foreclosure sales. That is insufficient, so I grant the motion to dismiss the allegations that Saticoy is not a bona fide purchaser. However, I grant U.S. Bank leave to amend to add facts (if they exist) to support its claim that the sale should be set aside, including that either Saticoy is not a bona fide purchaser (for some reason other than simply that it is a frequent purchaser at HOA sales) or that even if Saticoy is a bona fide purchaser that the equities nevertheless sway so far in U.S. Bank's favor that the sale must be set aside.

**B. Unjust Enrichment**

Saticoy moves to dismiss the unjust enrichment claim because U.S. Bank did not confer a benefit on Saticoy by virtue of the foreclosure sale. Rather, Saticoy contends, title was transferred by the HOA's agent through the foreclosure sale. As for the payment of taxes, insurance, and HOA assessments, Saticoy argues U.S. Bank has not alleged it made the payments with Saticoy's knowledge and consent, and so U.S. Bank cannot recover, based on the voluntary payment doctrine. U.S. Bank responds that this situation is different than most unjust

13

enrichment cases because it involves a multi-party transaction by which the HOA confers upon Saticoy the benefit of the equity in the property without compensation to the lender or the former homeowner. U.S. Bank does not address the voluntary payment doctrine.

U.S. Bank has not plausibly alleged Saticoy will be unjustly enriched if the sale is not set aside because U.S. Bank has not responded to Saticoy's argument about the voluntary payment doctrine. I therefore grant the portion of the motion regarding the payment of taxes, insurance, and HOA assessments as unopposed. LR 7-2(d).

As to Saticoy's enjoyment of the property following the HOA sale, "unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999) (en banc) (quotation omitted). U.S. Bank has not plausibly alleged that if the sale is set aside, Saticoy will have unjustly retained a benefit that belongs to U.S. Bank. U.S. Bank is a lienholder, not the property owner. It has not plausibly alleged a basis to claim that any benefit Saticoy obtained through occupying or renting the property since the HOA sale was a benefit conferred by U.S. Bank or that in equity and good conscience belongs to U.S. Bank. The issue of what Saticoy has earned in the meantime might be relevant to a balancing of the equities analysis in fashioning an appropriate remedy on a quiet title claim should the sale be set aside. But U.S. Bank has not plausibly alleged an unjust enrichment claim against Saticoy. I therefore dismiss this claim, with leave to amend.

**C. Rule 56(d) Relief**

U.S. Bank requests relief under Federal Rule of Civil Procedure 56(d) so it may conduct discovery on the issues of tender; fraud, oppression, or unfairness in the sale; whether the pre-sale notices were properly issued; and calculation of the superpriority amount. Rule 56(d) does

14

not apply here because this is a motion to dismiss. Instead, U.S. Bank has leave to amend to correct the deficiencies identified in this order if facts exist to do so.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that defendant Saticoy Bay LLC Series 3930 Swenson's motion to dismiss **(ECF No. 17) is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that U.S. Bank may file an amended complaint correcting the deficiencies identified in this order on or before August 1, 2018.

DATED this 2nd day of July, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE