# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee on behalf of GSAA Home Equity Trust 2007-3 Asset-Backed Certificates Series 2007-3,<br><br>Plaintiff<br><br>v.<br><br>SATICOY BAY LLC SERIES 3930 SWENSON, et al.,<br><br>Defendants | Case No.: 2:17-cv-00463-APG-GWF<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 38] |

Plaintiff U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2007-3 Asset-Backed Certificates Series 2007-3 (U.S. Bank), sues to determine whether a non-judicial foreclosure sale conducted by defendant Wimbledon Tennis Club Homeowners Association (Wimbledon)[1] extinguished U.S. Bank's deed of trust. Defendant Saticoy Bay LLC Series 3930 Swenson (Saticoy Bay) purchased the property at the homeowners association (HOA) foreclosure sale. Saticoy Bay previously moved to dismiss. I granted that motion in part. ECF No. 34. Saticoy Bay thereafter counterclaimed to quiet title in itself. ECF No. 37.

Saticoy Bay now moves for summary judgment, arguing that as the record title holder, it presumptively owns the property and that U.S. Bank cannot show any basis to equitably set aside the HOA foreclosure sale. Saticoy Bay also argues that U.S. Bank's due process claim based on the Ninth Circuit's decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154

---

[1] Both Wimbledon and its foreclosure agent, Homeowners Association Services, Inc., have defaulted. ECF No. 23.

(9th Cir. 2016) fails due to a recent ruling from the Supreme Court of Nevada. U.S. Bank responded by filing a non-opposition to the motion for summary judgment. ECF No. 39.

The parties are familiar with the facts and I previously recited those facts in my dismissal order. ECF No. 24. It suffices here to say that Saticoy Bay purchased the property located at 3930 Swenson Street #903 in Las Vegas at an HOA foreclosure sale. It is presumed that the HOA complied with Nevada Revised Statutes Chapter 116 in conducting the sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017), *reh'g denied* (Dec. 13, 2017). U.S. Bank has presented no evidence to rebut that presumption.

A properly conducted HOA foreclosure sale extinguishes all junior interests, including a deed of trust. *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc) ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). Saticoy Bay therefore is entitled to summary judgment unless there is some basis to set aside the HOA foreclosure sale.

Saticoy Bay is the title holder of record, and thus U.S. Bank bears the burden of establishing some basis to equitably set aside the sale. *Nationstar Mortg., LLC*, 405 P.3d at 646. It has presented no argument or evidence that the sale was affected by any fraud, oppression, or unfairness that would support doing so. *Id.* at 647-48.

In the complaint, U.S. Bank relied on the Ninth Circuit's *Bourne Valley* decision to allege that the HOA sale is void because it was conducted pursuant to an unconstitutional statute. *Bourne Valley* held that Nevada's HOA foreclosure statutory scheme (as it existed before the 2015 amendments) was facially unconstitutional because it did not require HOAs to give notice of the impending foreclosure sale to first deed of trust holders. That holding depended on the *Bourne Valley* majority's interpretation of the Nevada statutes as creating an "opt-in" notice

procedure. 832 F.3d at 1156 ("We hold that the Statute's 'op-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights . . . .").

However, the Supreme Court of Nevada has since ruled that the *Bourne Valley* majority incorrectly interpreted the Nevada statutes. *SFR Investments Pool 1, LLC v. Bank of New York Mellon* (*SFR II*), 422 P.3d 1248, 1253 (Nev. 2018) (en banc) ("[W]e decline to follow the majority holding in *Bourne Valley*[.]"). In *SFR II*, the Supreme Court of Nevada answered a certified question by stating that "even before the October 1, 2015, amendment to NRS 116.31168, the statute incorporated NRS 107.090's requirement to provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." *Id.*

Where, as here, a federal right depends on the interpretation of state law, the federal courts must apply the interpretation of that law given by the state's highest court. *Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("[I]t is solely within the province of the state courts to authoritatively construe state legislation."). *Bourne Valley*'s due process analysis was based on its misinterpretation of Nevada law, and its holding is clearly irreconcilable with a controlling, intervening interpretation of Nevada law by that state's highest court. I am therefore not bound by *Bourne Valley*. *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc). Instead, I apply the controlling interpretation of Nevada law provided by the Supreme Court of Nevada. *Id.* at 900 ("In future cases of such clear irreconcilability, a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively

overruled."); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 885 n.7 (9th Cir. 2000) (noting that a Ninth Circuit panel's interpretation of state law "remains binding in the Ninth Circuit in the absence of any subsequent indication from the [state] courts that [its] interpretation was incorrect." (quotation omitted)). Because the Nevada statutes required HOAs to provide notice of the impending HOA foreclosure sale to deed of trust holders like U.S. Bank, the HOA foreclosure statutes are not facially unconstitutional. *See Las Vegas Dev. Grp., LLC v. Yfantis*, 173 F. Supp. 3d 1046, 1053-57 (D. Nev. 2016). Consequently, Saticoy Bay is entitled to summary judgment on U.S. Bank's due process argument.

In sum, no genuine dispute remains that the HOA sale was properly conducted, that Saticoy Bay is the title holder of record, and that no basis exists to void or equitably set aside the HOA foreclosure sale. I therefore grant summary judgment in favor of Saticoy Bay and against U.S. Bank.

IT IS THEREFORE ORDERED that defendant Saticoy Bay LLC Series 3930 Swenson's motion for summary judgment **(ECF No. 38) is GRANTED**. It is hereby declared that Saticoy Bay LLC Series 3930 Swenson is the title owner of the property commonly known as 3930 Swenson Street #903, Las Vegas, Nevada 89119, free and clear of any lien or deed of trust held by U.S. Bank National Association, as Trustee for GSAA Home Equity Trust 2007-3 Asset-Backed Certificates Series 2007-3.

IT IS FURTHER ORDERED that on or before October 26, 2018, the parties shall file a joint status report regarding what, if anything, remains of this case. In particular, U.S. Bank must address the status of the case as to the defaulted defendants.

DATED this 25th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE